## INDUSTRIAL COMMISSION v FRAZIER

Ohio Appeals, 1st Dist, Hamilton Co

No 4962.   Decided Nov 25, 1935

John W. Bricker, Columbus. R. R. Zurmehly, Columbus, and Stewart S. Cooper, Cincinnati, for plaintiff in error.

Bauer & Bauer. Cincinnati. and Shook, Davies, Hoover & Beall, Cincinnati, for defendant in error.

## OPINION

### By MATTHEWS, J.

There is evidence in the record from which the jury could reasonably infer that infection resulted from his injuries and that it spread through his system and constituted a contributing and accelerating cause of his death. We would not be justified in disturbing the verdict to that effect.

So that the real contentions resolve around the second, third, and fourth issues, that is, whether after Herin's death his widow filed an application for death benefits within the meaning of the law, whether what the Industrial Commission did constituted a denial of benefits on the ground that it lacked jurisdiction to make the award, and, if so, whether this action was filed within thirty days of receipt of notice of the rejection of her claim.

In addition to the recommendation that the claim be rejected as a death claim, already mentioned, there appears in the records of the Industrial Commission other evidence that it considered this death claim. On December 17th, 1926, the case was continued to January 7th, 1927, and on that date the record shows the claim was presented for consideration and the hearing continued for four weeks. At this time the claim was designated as a "Death Claim" upon the records and continued to be so designated thereafter. Then on January 7th, 1927, the record shows the claim was presented for consideration and it was resolved that "No action be taken in this case for the reason that no application for compensation on account of the death has been filed."

In addition to this evidence from the record of the Industrial Commission, it was proven that the Commission maintained various branch offices, that application blanks were sent there by the main office, that those in charge of such branch offices were accustomed to assist in filling out applications and that when the applicant died after filing application for compensation and the file was at the branch office, those in charge of the branch had authority to receive the application of the dependent for death benefits and make it a part of the file.

There is no doubt from the evidence that within one month after Clarence Herin's death his widow went to the branch office and talked with those in charge concerning her rights in view of his death. She and another testified that an application for death benefits was prepared by one of the agents at the branch and that she signed it and left it there with the understanding that she would be notified at the proper time.

The jury, by its general verdict, found that the application for death benefits had been filed within two years of the death as required by law. In view of the evidence in the files of the defendant's main office indicating that the application had reached that office within the two year period, it is unnecessary to determine whether filing at the branch office would be sufficient. It would seem from the evidence that such

filing had been expressly authorized by the Commission and, if so, we see no reason to invalidate it. We see no reason for disturbing the verdict on this ground.

It also seems clear that conflicting inferences could be drawn from the evidence as to when the claimant received notice of the action of the Commission on February 4th, 1927, resolving to take no action on the ground that no application for compensation on account of death had been filed. The widow testified that she received no notice until told by her attorney within thirty days of the filing of this action. There was certainly no conclusive evidence to the contrary. The decision of the point depended upon the determination of the credibility of witnesses, and we would not be justified in disturbing the finding of the jury on that point.

That leaves for consideration the question of whether the resolution of February 4th, 1927, to take no action for the reason that no application for the payment of compensation on account of the death had been filed, was in law a denial of the dependents' right to participate on a jurisdictional ground "going to the basis of the claimant's right." In considering the effect of this action it should be kept in mind that at the time it was taken, more than two years from the death had expired, and if the recital was correct no compensation could be awarded no matter what action might be taken by the dependents thereafter. If true, it was a finality.

Before the Industrial Commission may lawfully proceed to consider the issue of the right of a claimant to participate in the fund, it must first determine its own jurisdiction. If this preliminary inquiry discloses that it is without jurisdiction, it should never proceed to consider the ultimate issue raised by the application. It is fundamental that a tribunal having jurisdiction upon the existence of certain facts has jurisdiction to determine the existence or non-existence of such facts. I Freeman on Judgments (5th ed.) §350, and the many cases cited in the footnote thereto. If it determines that a fact or facts essential to its jurisdiction does not exist, it is powerless to grant the ultimate relief sought, which in this case is benefits from the fund on account of the death of the employe. The Commission determined that no application for death benefits had been filed and that, therefore, it should not proceed to inquire whether and to what extent the claimant was entitled to compensation. It treated the filing of an application for death benefits within two years, as provided in §1465-72a, GC, as a jurisdictional fact and having found that none had been filed, its resolution to "take no action" was the only legal action it could take. That action went to the basis of the right of the claimant to participate on a jurisdictional ground. That §1465-72a, GC, qualifies the right and is not just a statute of limitations was decided in State ex v Industrial Commission, 130 Oh St, 185, (Ohio Bar, Nov. 18, 1935), in which the court held, as stated in the first paragraph of the syllabus:

"The filing of a claim for compensation under the Workmen's Compensation Law of the state within the time specified is a condition qualifying the right vested by the statute."

That case was decided on demurrer to the petition in mandamus and the court denied the writ. It was not a case in which the Commission had decided a jurisdictional fact adversely to its jurisdiction. No jurisdictional fact was in dispute. It was the law that was in controversy.

There is a well recognized distinction between a case in which a tribunal refuses to take jurisdiction at all, and one in which it proceeds to act to determine whether essential jurisdictional facts exist. In the former case, mandamus may be resorted to. In the latter, it may not. State ex v Superior Court. (101 Wash. 81, 4 A.L.R. 572, at 599.

This power to decide jurisdictional questions is recognized by §1465-90, GC, and as the power to decide includes the power to err, the right to appeal from such decision is given by that section. The section excludes the thought that the claimant should be limited to an independent action in mandamus to require the Commission to proceed to hear the application on its merits. Indeed it would seem that §1465-90, GC, having provided a plain and adequate remedy by appeal, mandamus could not be resorted to under the express limitations of §12287, GC.

The most recent case on this subject is Noggle v Industrial Commission, 129 Oh St, 495. At page 499, the court states the rule in this language:

"The basis of claimant's right rests upon the establishment of jurisdiction in the commission to hear and determine his right to participate at all or to continue to participate; when that jurisdiction has been conceded or when the commission finds all

the facts in claimant's favor necessary to give it jurisdiction, then the statute specifically states that the commission has full power to 'determine all questions within its jurisdiction, and its decision thereon shall be final'."

It seems clear that instead of the Commission finding all the facts in claimant's favor necessary to give its jurisdiction, it expressly found one fact did not exist, and for that reason refused to hear and determine her right.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.